**CAROL A. SOBEL** SBN 84483
**MONIQUE ALARCON** SBN 311650
**AVNEET CHATTHA** SBN 316545
**LAW OFFICE OF CAROL A. SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, California 90401
t. 310-393-3055
e. carolsobellaw@gmail.com
e. monique.alarcon8@gmail.com
e. avneet.chattha7@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| **STEWART ALEXANDER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF LOS ANGELES**, a municipal entity; **CHIEF CHARLIE BECK**, in his official capacity,<br><br>Defendant. | Case No:<br><br>CIVIL RIGHTS COMPLAINT:<br><br>42 U.S.C. § 1983: FOURTH, FIFTH AND FOURTEENTH AMENDMENT |

**JURISDICTION AND VENUE**

1. This is an action for injunctive and declaratory relief and damages pursuant to 42 U.S.C. § 1983 based upon the violations of Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on federal statutes and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2. Venue is proper in the Western Division of the Central District in that the events and conduct complained of herein all occurred in the City of Los Angeles

1

1  and the defendant is the City of Los Angeles and the Chief of Police of the Los
2  Angeles Police Department.

### STATEMENT OF FACTS

3.   Plaintiff STEWART ALEXANDER is homeless and living in Orange County.  He was the victim of a crime when his automobile was stolen in Orange County on or about March 20, 2018.  Mr. ALEXANDER reported the vehicle as stolen.  The vehicle was recovered by the Los Angeles Police Department on March 25, 2018 in the course of responding to a driver having a seizure.

4.   The following day, as soon as Mr. Alexander was notified that the LAPD had the vehicle, he borrowed money to travel to Los Angeles to reclaim the car.  When Mr. Alexander asked why the police had not called him on the day the vehicle was first impounded, he was informed by the Detective that the arrestee was experiencing a health crisis at the time, which required the officers to focus on that issue first.

5.   When he arrived, he was told he had to pay nearly $300 to get the car back.  For an indigent person with a small disability income, paying this amount was impossible, especially at the end of the month when he had already spent all of his small disability income for the month.  On information and belief, Mr. ALEXANDER alleges that, had he been called on the day that the vehicle was recovered, he would not have been required to pay a fee of $271, let alone any fee, to get his car released.  At the time of his initial discussion with LAPD Central Bureau Det. Riojas, Mr. ALEXANDER was informed that, because he had not been called immediately, Det. Riojas' supervisor agreed to waive the impound fees.  Mr. Alexander managed to get to Los Angeles to pick up the car, only to be informed when he got there that the LAPD had now decided that he had to pay a fee of $271 and that it could not be waived because the private storage facility - LAPD's contract impound at Viertel's - had to be paid.

6.   Over the past month, repeated attempts by Mr. Alexander and his counsel to get the car released and have the City waive the impound fees have been

unsuccessful. Mr. Alexander has made several attempts to get his car. At one point, Det. Riojas presented him with a stack of papers, showing that the officers mailed him a communication about the car. The letter was postmarked March 30, a week after the car was impounded in the arrest, and was received by Mr. Alexander on April 5. A copy of the Notice of Stored Vehicle Billing Information is attached to my letter.

The City's actions in this matter have victimized Mr. ALEXANDER again. A victim of a crime should not have to pay charges to the City, in this instance arising from charges by the LAPD's contract towing company, Viertel's.

7. On information and belief, Plaintiff alleges that the impound fees are waived in other situations, even where the property is not being held for a crime victim.

8. On information and belief, Plaintiff alleges that the City, acting through the LAPD, lacks a policy to provide recovery assistance and a waiver to crime victims; lacks a policy to provide a waiver to indigent individuals.

9. The impound fees have increased each day. On March 30, 2018 Mr. ALEXANDER was mailed a notice concerning his vehicle, advising of storage and towing charges and notifying him that a lien would be placed on the vehicle. Specifically, the notice stated:

> You will be required to pay storage charges that accrue on a daily basis. There may be towing and/or repair charges and additional taxes and/or release fees may apply if the vehicle has been impounded by a Law Enforcement Agency. California law (Vehicle Code Section 10652.5) states that the costs of notifying the legal owner may be charged as part of the storage fee when the motor vehicle has been stored for an indefinite period of time and notice is given no sooner than the third day of possession. Your failure to redeem said vehicle may result in a lien being processed on the vehicle.

## PARTIES

10. Plaintiff **STEWART ALEXANDER** has been unhoused in Orange County since approximately December, 2017. His automibile was stolen from the motel in Buena Park where he had been moved by the County of Orange from the

3

Santa Ana riverbed.  Mr. ALEXANDER is disabled.  He receives a small monthly income of approximately $700 a month from state disability.  More than half of his monthly income is spent on his medications co-pay, insurance and gas for his car, and a cell phone.  The remainder is spent on food and other basic personal necessities.

## DEFENDANTS

11. Defendant **CITY OF LOS ANGELES ("CITY")** is a municipal entity within the State of California with the capacity to sue and be sued.  One subsection of the City is the Los Angeles Police Department.  The Los Angeles Police Department is the entity within the City that contracts with Viertel's Towing Service for towing and storing impounded vehicles.

12. Defendant **CHARLIE BECK** is the Chief of Police of the Los Angeles Police Department ("LAPD").  He is the individual within the LAPD who has the authority to approve policies for the agency, including policies regarding the seizure and storage of the property of crime victims, the charges imposed for such seizure and storage, and the standards and guidelines for providing waivers based on indigency when no other basis applies to waive towing and impound storage charges.

## FIRST CAUSEOF ACTION
## 42 U.S.C. § 1983  - FOURTH and FOURTEENTH AMENDMENT UNLAWFUL SEIZURE OF PROPERTY

13. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

14. The acts and omissions of Defendants, and each of them, as described herein, violate the constitutional rights of Plaintiff to be free from unlawful seizure of his property.  When the Defendants, and each of them, refused to return Plaintiff's property to him unless he paid for the costs of the crime he was the victim of, the Defendants converted a lawful recover into an unlawful seizure of Plaintiff's property.

15. As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and continue to suffer loss of their personal property and are entitled to compensatory damages for their property personal injury.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – FIFTH and FOURTEENTH AMENDMENT**
**Duty to Protect Personal Property**

16. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth thereat.

17. Defendants, their employees and agents, owe Plaintiff a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution to protect the personal property of the Plaintiff. This duty applied to preserving the personal property of crime victims when it is recovered in the course of an investigation.

18. Despite this well-defined duty, Defendants provided Plaintiff with no opportunity to recover his property unless and until he paid a fee to the City, with no due process and no consideration of his indigent status.

19. As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and continues to suffer loss of his personal property and is entitled to compensatory damages for his property and other injury to his person, including but not limited to pain and suffering.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 – FOURTEENTH AMENDMENT**
**RIGHT TO DUE PROCESS OF LAW**

20. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

21. Defendants have failed to adopt and enforce policies that establish standards and guidelines for determining when impound and towing charges may, should or must be waived, including when the person being charged is the victim of

a crime and the fee is imposed for the recovery of the property involved in the crime and when the individual seeking to recover the property is indigent and cannot pay the fees.

22. As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and continues to suffer loss of his personal property and is entitled to compensatory damages for his property and other injury to his person, including but not limited to pain and suffering.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays as follows:

**WHEREFORE**, Plaintiffs pray as follows:

1. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from selling Plaintiff's automobile to recover the "lien" for towing and impound charges;

2. For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiffs' rights under the United States Constitution, as set forth above;

3. For an order directing Defendants to release Plaintiff's automobile without cost to Plaintiff for towing and impound;

4. For other damages, including to compensate Plaintiff for pain and suffering, in an amount to be determined according to proof.

5. For costs of suit and attorney fees as provided by law;

6. For such other relief as the Court deems just and proper.

Dated: April 23, 2018             Respectfully submitted,

                                  LAW OFFICE OF CAROL A. SOBEL

                                        /s/ Carol A. Sobel
                                  ─────────────────────────
                                  By: CAROL A. SOBEL
                                  Attorneys for Plaintiffs

: